# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KATHLEEN E. PERKINS,
  Executrix of the Estate of
  Ruth M. Day, Deceased,

      Plaintiff,   :   Case No. 3:07-cv-325

          District Judge Walter Herbert Rice
  -vs-          Chief Magistrate Judge Michael R. Merz

   :

JOHN PAUL RIESER, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendants' Motion for Order of Abstention or, in the Alternative, Motion to Stay Proceedings (Doc. No. 3). Plaintiff opposes the Motion (Response, Doc. No. 4) and Defendants have filed a Reply in support (Doc. No. 5). In the Preliminary Pretrial Conference Order, Judge Rice allowed the parties additional time until May 23, 2008, to file supplemental authority on the Motion (Doc. No. 6 at ¶ 28), but no additional authority was filed.

Under the order of reference embodied in the Preliminary Pretrial Conference Order,

> The Magistrate Judge to whom the case is referred is authorized to perform any and all functions authorized for full-time United States Magistrate Judges by statute, including, without limiting the generality of the foregoing, all motions to remand removed cases to state court, all motions to dismiss or for judgment on the pleadings under Fed. R. Civ, P. 12, and all discovery related motions. In each such case, the Magistrate Judge shall proceed in accordance with Fed. R. Civ. P. 72.

*Id*. at 6. Although motions to abstain are not among the matters expressly reserved to district judges under 28 U.S.C. § 636(b), the Motion also asks for dismissal and therefore requires a report and

1

recommendations.

In the Motion, Defendants ask the Court to abstain under the doctrine announced in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814 (1976), and its progeny, including this Court's decision in *Szabo v. CGU International Insurance,* 199 F. Supp. 2d 715 (S.D. Ohio 2002)(Rice, Ch. J.). In *Szabo*, Chief Judge Rice opined:

> Under the abstention doctrine set forth in *Colorado River, supra,* 2 "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339-40 (6th Cir. 1998). The principles underlying this doctrine "rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* However, "abdication of the obligation to decide cases can be justified … only in the exceptional circumstances where . . . [it] would clearly serve an important countervailing [state] interest." *Colorado River,* 424 U.S. at 813. . . .
>
> In determining whether to abstain from exercising jurisdiction under *Colorado River*, in the interest of international comity, the Court must engage in a two-step analysis. First, the Court must evaluate whether the two proceedings are, in fact, parallel. If the actions are not parallel, the doctrine does not apply. Second, if parallel, the Court must balance the eight factors set forth in *Colorado River* and its progeny.
>
> A. Parallel Proceedings
>
> Turning to the first step, for two concurrent actions to be parallel, it is not necessary for them to be identical. *Romine,* 160 F.3d at 340. It is sufficient that the two proceedings are substantially similar. *Id.; AAR Internat'l,* 250 F.3d at 518. The presence of additional parties or additional claims will not necessarily preclude a finding that the actions are parallel. *Romine*, 160 F.3d at 340. "If the rule were otherwise the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties." *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)(quoted by *Romine*, 160 F.3d at 340). "The question is not whether the suits are formally symmetrical, but whether there is a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" *AAR Internat'l,* 250 F.3d at 518 (citation omitted). As long as the parties are substantially similar and the claims "are predicated on the same allegations as to the same

>  material facts," the actions are to be considered parallel. *Romine*, 160
>  F.3d at 340.

*Szabo*, 199 F. Supp. 2d at 719.

The state court litigation to which Defendants wish this Court to defer are actions brought in the Probate Court of Montgomery County and the Civil Division of the Montgomery County Common Pleas Court in 2004 and captioned *In re Ruth M. Day Revocable Living Trust of May 12, 1997 and as Amended August 31, 1998, et al., v. John Paul Rieser, et al.* (Case No. 2004 MSC 00126, the "Probate Case") and *John Paul Rieser as Co-Trustee of the Ruth M. Day Revocable Living Trust dated May 12, 1997, as Amended August 31, 1998, et al., vs. John Paul Rieser, Testamentary Trustee [under the same trust], et al.*, (Case No. 04 CV 3372, the "Civil Case"). Copies of the Complaints in the Probate Case and Civil Case are attached to the Motion as Exhibits B and C, respectively.

In seeking abstention, Defendants note that the state court cases were mediated at some length by The Honorable John Petzold, a retired judge of the Common Pleas Court, resulting in a Settlement Agreement, Release and Indemnification (Exhibit E to Motion) and a Final Judgment Entry and Order (Exhibit D), both of which appear to have executed and filed in December, 2005, well before this case was filed in 2007. On its face, it would seem odd to ask this Court to defer, under *Colorado River*, to state court litigation which has already resulted in a final judgment. Defendants, however, note that the last paragraph of Judge Gorman's Order reads: "In an effort to promote judicial efficiency, this Court will retain jurisdiction of any further matters that may be related to or arise out of this litigation." (Motion, Doc. No. 3, Exhibit D at 5.)

On December 21, 2005, Judge Gorman filed a Dismissal Entry with Prejudice which provides "Upon agreement of all parties and order of this Court and for good cause shown, it is ORDERED, ADJUDGED AND DECREED that the above-entitled matter, including all

counterclaims and cross-claims, is hereby dismissed with prejudice.[1]"  Despite that Entry, Judge Gorman adjudicated in 2007 a Motion by Plaintiff to Amend the Settlement Agreement, resulting in an Order sustaining that Motion on May 25, 2007.

It is unclear to this Court what authority Judge Gorman has retained.  In federal court, language such as that used in the final paragraph of the Final Judgment Entry and Order quoted above would be sufficient to authorize the court to enforce the settlement agreement without the institution of separate litigation to achieve that result.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

It is clear from the Common Pleas docket that the Plaintiff in this action, the Estate of Ruth M. Day, has not sought to reopen the state court litigation in order to litigate the claims made in the Complaint in this case.  Indeed, the Estate of Ruth M. Day was not a party to the state court litigation.  Nor does it appear that any of the Defendants in this action has sought to have Judge Gorman enjoin the Plaintiff here from proceeding in this case on the theory that the claims made here are barred by the settlement in the Common Pleas Court.  Thus in the sense critical for Colorado River analysis, the state court litigation is not "parallel."  While it involves many of the same parties and perhaps many of the same issues, those issues are not presently being litigated in the Common Pleas Court nor has any attempt been made to have the issues litigated in that case, although this case has been pending for nine months.

If the Defendants have defenses based on the settlement of the state court litigation (.e.g, collateral estoppel, *res judicata*, release, etc.), they can certainly obtain adjudication of those

---

[1]This Court may take judicial notice of the public records maintained by Gregory Brush, Montgomery County Clerk of Courts.  *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999).  These records are maintained on the Internet by Mr. Brush at www.clerk.co.montgomery.oh.us/legal/records.cfm

defenses in this action. If they believe Plaintiff[2] has violated Judge Gorman's Order, Defendants are free to seek enforcement of that Order from Judge Gorman. But until and unless the Common Pleas Court has been asked to adjudicate those matters, the comity and federalism concerns which underlie Colorado River do not warrant abstention by this Court.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976); *England v. Medical Examiners,* 375 U.S. 411, 415 (1964); *McClellan v. Carland*, 217 U.S. 268, 281 (1910); *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821). The Motion to Abstain, including the alternative relief of a stay, should be denied.

June 6, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

---

[2] Although Kathleen Perkins as Executrix of the Estate of Ruth M. Day was not a party to the state court litigation, it appears she was in her individual capacity.