# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KATHLEEN E. PERKINS,
Executrix of the Estate of Ruth M. Day,
 Deceased,

      Plaintiff,    :    Case No. 3:07-cv-325

                       District Judge Walter Herbert Rice
   -vs-                           Magistrate Judge Michael R. Merz

                            :

JOHN PAUL RIESER, ESQ.,
Co-Trustee and Individually, et al.,

      Defendants.

## ORDER STRIKING RICO CASE STATEMENT

This case is before the Court on Motion to Dismiss of John Paul Rieser, Esq.; Rieser & Marx, Attorneys at Law; Michael Disher as Co-Trustee; John Paul Rieser as Co-Trustee; John Paul Rieser, Michael Disher, and Carole Disher individually; and Disher Furniture, Inc. (Doc. No. 26). In response, Plaintiff has filed a RICO Case Statement and a Response in Opposition (Doc. Nos. 33, 34). The Moving Defendants have in turn filed a Reply in support (Doc. No. 36).

In opposing the Motion to Dismiss, Plaintiff relies on her RICO Case Statement as a "supplemental pleading." Defendants object that no such pleading is provided for in Fed. R. Civ. P. 7 and they are correct. Furthermore, there is no General Order of this Court requiring such a filing in civil RICO cases[1], Judge Rice has no Standing Order requiring such a filing, and there is

---

[1] Senior Judges Smith and Graham have links on their webpages on the Court's Internet site to Standing Orders for RICO Case Statements, but those Orders do not purport to apply to cases filed in the Western Division or indeed to cases filed on any dockets other than those of these two judges.

no individual order either requiring or permitting such a filing in this case. Plaintiff has cited no authority for filing such a document or for the proposition that it should be treated as a "supplemental pleading." Accordingly, Plaintiff's RICO Case Statement (Doc. No. 33) is STRICKEN.

Plaintiff is hereby granted to and including February 10, 2012, to seek leave to file an amended complaint containing whatever allegations he believes are necessary from the RICO Case Statement to satisfy the requirements of Fed. R. Civ. P. 12(b)(6) or to notify the Court that she stands on her original Complaint as filed. If the Plaintiff chooses the former option and the motion to amend is granted, the instant Motion to Dismiss will be moot, although subject to renewal in response to any amended complaint within the time allowed by Fed. R. Civ. P. 15(a)(3). If Plaintiff chooses the latter option, the Motion to Dismiss will then be ripe for decision on the present filings.

The Court notes that in opposing the Motion to Dismiss, Plaintiff has relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiff should take note that *Conley* has been expressly overruled by *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007), with the Supreme Court specifically disapproving of the proposition for which *Conley* is cited by Plaintiff that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

February 3, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge
