# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KATHLEEN E. PERKINS,
Executrix of the Estate of Ruth M. Day,
Deceased,

      Plaintiff,      :      Case No. 3:07-cv-325

                                          District Judge Walter Herbert Rice
      -vs-                                 Magistrate Judge Michael R. Merz

                                   :

JOHN PAUL RIESER, ESQ.,
Co-Trustee and Individually, et al.,

      Defendants.

## DECISION AND ORDER ON MOTION TO AMEND; REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This case is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 38) and Defendants' Motion to Dismiss to Dismiss (Doc. No. 26).

This case was most recently referred to the Magistrate Judge for pre-trial management, including consideration of motions to dismiss (Preliminary Pretrial Conference Order, Doc. No. 23, PageID 229). Motions to dismiss are classified as dispositive by statute and thus require a report and recommendations from a Magistrate Judge, rather than a decision. Conversely, motions to amend are non-dispositive and therefore within the decisional authority of a Magistrate Judge.

Defendants moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff responded with a Memorandum Contra (Doc. No. 34), but also with a RICO Case Statement, purportedly as a supplemental pleading (Doc. No. 33). Noting that Plaintiff objected, that the Federal Rules did not provide for such a statement to be treated as a supplemental pleading, and that no order from this Court required or permitted such a

1

document to be filed, the Magistrate Judge struck the RICO Case Statement and gave Plaintiff the option of standing on the original Complaint or moving to amend (Doc. No. 37). Plaintiff has chosen the latter course.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "Delay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th

Cir. 1989).

"Once the scheduling order's deadline [for amending pleadings] passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003), *citing Sosa v. Airprint Sys, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Although the Motion to Amend is beyond the cut-off date for amendments in the most recent Preliminary Pretrial Conference Order, the Order striking the RICO Case Statement extended that time to February 10, 2012, and the Motion is thus timely. Obviously it is not filed for purposes of delay, since it was filed in response to Defendants' assertions of insufficiency in the original Complaint.

While it would be possible to litigate whether the proposed amendment states a claim or claims on the Motion to Amend, it is more efficient to allow the amendment and permit Defendants to renew their Motion to Dismiss if they continue to believe the amended complaint fails to state a claim.

Accordingly, the Motion to Amend is GRANTED. Plaintiff shall detach the First Amended Complaint from the Motion to Amend and file it separately forthwith. Defendants may file any appropriate motion directed to the First Amended Complaint and allowed by Fed. R. Civ. P. 12 not later than February 27, 2012. Briefing on any such motion shall be in accordance with S. D. Ohio Civ. R. 7.2.

It is also respectfully recommended that the pending Motion to Dismiss (Doc. No. 26) be denied as moot since it is addressed to a pleading which is no longer operative.

February 10, 2012.

                                                           s/ **Michael R. Merz**
                                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).