**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KATHLEEN E. PERKINS,
Executrix of the Estate of Ruth M. Day,
Deceased,

   Plaintiff,      :   Case No. 3:07-cv-325

               District Judge Walter Herbert Rice
  -vs-             Magistrate Judge Michael R. Merz

             :

JOHN PAUL RIESER, ESQ.,
Co-Trustee and Individually, et al.,

   Defendants.

**DECISION AND ORDER ON SECOND MOTION TO AMEND; REPORT AND
RECOMMENDATIONS ON MOTION TO DISMISS AMENDED COMPLAINT**

   This case is before the Court on Plaintiff's Second Motion for Leave to File Amended Complaint (Doc. No. 46) and Defendants' Motion to Dismiss to Dismiss directed to the First Amended Complaint (Doc. No. 41).

   The Magistrate Judge finds himself confronted with the same situation that was presented previously when Defendants moved to dismiss the original Complaint and Plaintiff moved to amend. At that time the prior motion to amend was granted, rendering the prior motion to dismiss moot. As Defendants point out in their Reply, Plaintiff's response in opposition to the Motion to Dismiss continually references the Second Amended Complaint as if it were the presently operative pleading.

   There is no judicial economy in deciding the Motion to Dismiss the First Amended Complaint when Plaintiff has essentially abandoned it by seeking to amend. However, there is also no judicial economy in continuing the ritual dance of granting motions to amend in response to motions to dismiss.

1

In the Preliminary Pretrial Conference Order, Judge Rice set October 11, 2011, as the last day on which to move to amend (Doc. No. 23, ¶ 6). The Court has now twice indulged Plaintiff in allowing motions to amend after that date. While the instant Motion to Amend (Doc. No.46) is GRANTED, no further motions to amend will be considered by the Court without a strong showing of good cause as to why the pleading could not have been made earlier, given that the controversy in suit is of long standing. See *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003), *citing Sosa v. Airprint Sys, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Plaintiff must separately file the Second Amended Complaint forthwith.

This filing makes the Motion to Dismiss (Doc. No. 41) MOOT and it is respectfully recommended that the Motion be denied on that basis.

April 3, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).