# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KATHLEEN E. PERKINS,  :
Executrix of the Estate of Ruth M. Day,
Deceased,

      Plaintiff,                          Case No. 3:07-cv-325

                                       District Judge Walter Herbert Rice
      -vs-                              Magistrate Judge Michael R. Merz

JOHN PAUL RIESER, ESQ.,
Co-Trustee and Individually, et al.,

      Defendants.              :

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion for an Order to Compel Attorney to Withdrawn [sic]" (Doc. No. 47). Defendants oppose the Motion (Doc. No. 53) and Plaintiff has filed a Reply in support (Doc. No. 55).

A motion to disqualify counsel is a non-dispositive pretrial motion on which a Magistrate Judge may enter a decision, rather than merely recommend a decision. 28 U.S.C. § 636(b).

Plaintiff seeks the disqualification of Dianne F. Marx who has been the trial attorney for all Defendants since their first filing in this case on September 18, 2007 (See Doc. No. 3). Disqualification is asserted to be required "by reason of the appearance of impropriety of a conflict of interest (Motion, Doc. No. 47, PageID 622). In addition to having Ms. Marx removed as trial attorney, Plaintiff seeks a declaration that all actions "taken [by her] by reason of the representation of [Defendants] be void *ab initio* since [her] entry of appearance. . . ." Id., Page ID 626.

1

Plaintiff cites no case law in support of the Motion, either in the Motion itself or in the Reply, but relies on the text of Ohio Rules of Professional Conduct 1.9 (Duties to Former Clients) and 1.10 (Imputation of Conflicts of Interest). The Ohio Rules of Professional Conduct apply to determining disqualification in this District. *Khan v. Cellco P'ship*, 2011 U.S. Dist. LEXIS 122894 (S.D. Ohio Sept. 8, 2011)(Litkovitz, M.J.), citing, inter alia, S. D. Ohio Civ. R. 83.3(f).

The standard for disqualifying an attorney in federal litigation was summarized by Judge Rice in *Dynasty Apparel Indus. v. Rentz*, 206 F.R.D. 596, 599 (S.D. Ohio 2001):

> A motion to disqualify is the proper method for a party-litigant to bring an issue of conflict of interest or the breach of an ethical duty to the court's attention. *Musicus v. Westinghouse Elec. Corp.,* 621 F.2d 742, 744 (5th Cir. 1980). Confronted with such a motion, courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice. *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D.Ohio 1991). In order to resolve these competing interests, the courts must balance the interests of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation. General Mill Supply Co. v. SCA Servs., Inc., 697 F.2d 704, 711 (6th Cir. 1982).
>
> The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Kitchen*, 769 F. Supp. at 256 (quoting *Ex Parte Burr,* 9 Wheat. 529, 22 U.S. 529, 531, 6 L. Ed. 152 (1824)). However, "the ability to deny one's opponent the services of his chosen counsel is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982).

*Id.* at 599, *quoting Hamrick v. Union Township*, 81 F. Supp.2d 876, 878 (S.D.Ohio 2000)(Spiegel, J.).

The actual test for disqualification is found in Sixth Circuit law:

> A three-part test for disqualification exists: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification.

*Dana Corp. v. Blue Cross & Blue Shield Mut.,* 900 F.2d 882, 889 (6th Cir. 1990), *citing City of Cleveland v. Cleveland Electric Illuminating*, 440 F. Supp. 193, 207 (N.D.Ohio 1976), *aff'd*, 573 F.2d 1310 (6th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978).

Plaintiff alleges that the law firm of Rieser & Marx, one of the Defendants in this case, participated in a scheme to defraud Ruth M. Day and her estate, converting assets for the benefit of the firm, including Ms. Marx (Motion, Doc. No. 47, PageID 625). Nowhere in the Motion is it alleged that Ms. Marx or Mr. Rieser ever represented Kathleen Perkins, either individually or in her capacity as Executrix of the Estate of Ruth M. Day. Nor is it alleged that Ms. Marx (or Mr. Rieser, from whom disqualification of Ms. Marx might be imputed) ever acquired confidential information from Ms. Perkins. Thus the motion to disqualify fails on branches one and three of the test in *Dana Corp.*

Even if Ms. Marx were disqualified, that would hardly provide a basis for declaring void everything she has done in this case. Plaintiff does not aver that any facts on which she relies were learned recently, nor does she offer any reason for waiting four and one-half years to file the Motion.

The Motion to Compel withdrawal of Dianne F. Marx is denied.

May 8, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge