IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHLEEN E. PERKINS,
Executrix of the Estate of Ruth M. Day,
Deceased,                                          :

                                              Case No. 3:07-cv-325

                Plaintiff,

                                              District Judge Walter Herbert Rice
                                              Magistrate Judge Michael R. Merz

    -vs-

JOHN PAUL RIESER, ESQ.,
Co-Trustee and Individually, *et al.*,

                Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6). (Doc. 52). Plaintiff has filed a Memorandum Contra Defendant's Motion to Dismiss and a Motion to Strike or in the Alternative to Convert Said Motion Rule 56 After Appropriate Discovery [sic]. (Doc. 56). Defendants have filed a Reply, (Doc. 58), and the matter is ripe for Report and Recommendations.

Plaintiff Kathleen Perkins, as executrix of the estate of Ruth M. Day, has filed a Second Amended Complaint against Defendants alleging claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*. ("RICO"). (Doc. 51). In addition, Ms. Perkins has invoked this Court's supplemental jurisdiction over her state law claims for tortious interference with a right of expectancy, common law fraud, and unjust enrichment. *Id.* Defendants have moved to dismiss Ms. Perkins' Second Amended Complaint on several

1

grounds.  Defendants argue first that the Court should dismiss Ms. Perkins' RICO claim on the basis she has failed to plead "racketeering activity", failed to establish an enterprise, and failed to allege any conduct by Defendants Carole Disher, Disher Furniture, Inc., or Reiser & Marx. (Doc. 52).  Defendants also argue that the Court should dismiss Ms. Perkins' Second Amended Complaint because all of the claims she has raised were released by the Day Trust in a court-approved settlement agreement and because they are barred by *res judicata*. *Id.*

As noted above, in opposition, Ms. Perkins has filed a combined memo in opposition and a motion to strike or to convert Defendants' motion to a motion for summary judgment after appropriate discovery. (Doc. 56).  Ms. Perkins argues that because Defendants referenced and attached to their Motion to Dismiss matters outside the pleadings, the Court should strike the Motion. *Id.* Ms. Perkins argues in the alternative that the Court should convert the Defendants' Motion to one for summary judgment and that it should permit her to undertake discovery, presumably pursuant to Fed.R.Civ.P. 56(f). *Id.* Finally, Ms. Perkins argues that she has properly stated claims under RICO. *Id.* However, in doing so, while Ms. Perkins cites to relevant law, she cites to little, if any, of the allegations in her Second Amended Complaint that support her claims or satisfy the legal standards to which she refers.

This Court will first address Ms. Perkins' Motion to Strike or in the Alternative to Convert Said Motion Rule 56 After Appropriate Discovery [*sic*].

In support of their Motion to Dismiss on the basis that Ms. Perkins' claims are barred by *res judicata*, Defendants have cited to the public records of the Montgomery County Court of Common Pleas for both the General Division and the Probate Court. See, *e.g.,* PageID 685; 687; 689.  Ms. Perkins would have this Court strike Defendants' present Motion for including citations to matters outside the pleadings in the present case or, in the alternative, convert

Defendants' Rule 12(b)(6) motion to a Rule 56 motion for summary judgment. Ms. Perkins' motion is premised on the erroneous conclusions that, first, it was improper for Defendants to cite to the state court public records in support of their Motion to Dismiss and, second, since they did cite to matters outside the pleadings in this case, this Court must convert the motion to a Rule 56 motion.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 1997)(citation omitted)(emphasis omitted). "On a motion to dismiss, a court may accept 'matters outside the pleadings,' but in doing so, must treat the motion "as one for summary judgment under Rule 56." *Jones v. City of Cincinnati,* 521 F.3d 555, 562 (6th Cir. 2008), *cert. denied,* 555 U.S. 1099 (2009)(citing Fed.R.Civ.P. 12(d)). However, a court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion. *Id.*, citing *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002).

Based on the authorities of *Amini* and *Jackson*, Ms. Perkins' Motion to Strike or in the Alternative to Convert Said Motion Rule 56 After Appropriate Discovery [*sic*] is denied.

The Court now turns to Defendants' Motion to Dismiss.

Defendants' brought their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).

3

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson,* 355 U.S. 41 (1957), that had prevailed since 1957.

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … .
> …
> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 223-234 (quoting *Daves v. Hawaiian Dredging Co.,* 114 F.Supp 643, 645 (D. Hawaii 1953)); see also *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346 … (2005); *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.,* 289 F.Supp.2d 986, 995 (N.D.Ill. 2003) … .

*Bell Atlantic Corp, v. Twombly*, 550 U.S. 544, 555, 558 (2007)(citations omitted).

In *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), the Court made it clear that *Twombly* applies in all areas of federal law and not only in the antitrust context in which it was announced. Following *Iqbal,* district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. However, this requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Twombly*, 550 U.S. at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556.  Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 678. Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. … Exactly

4

how implausible is "implausible" remains to be seen, as a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625, 629-30 (6th Cir. 2009).

> [O]n the plausibility issue, the factual allegations in the complaint need to be sufficient "to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.,* more than merely possible." *Fritz v. Charter Twp. Of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010)(quoting *Iqbal,* 129 S.Ct. at 1949-50). Further, "a legal conclusion [may not be] couched as a factual allegation" and mere "recitations of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Id.*(quoting *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009)).

*White v. Chase Bank USA, NA,* No. 3:10cv021, 2010 WL 3782399 (S.D. Ohio Sept. 28, 2010)(Rice, J.).

The Sixth Circuit recently held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and all well-pled facts in the complaint must be accepted as true. *Savoie v. Martin,* 673 F.3d 488, 492 (6th Cir. 2012)(citations omitted).

Because Ms. Perkins has based her RICO claims on mail fraud and wire fraud, *infra*, she must also meet the more rigorous pleading standards of Rule 9(b) with respect to those claims. See *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Heinrich, supra,* citing Fed.R.Civ.P 9(b). In order to allege fraud with particularity, Ms. Perkins at a minimum must allege the time, place, and content of the alleged misrepresentation on which she relies, the fraudulent scheme, the fraudulent intent of the Defendants, and the injury resulting from the fraud. *Heinrich, supra,* citing *United States ex rel Bledsoe v. Cmty. Health Sys., Inc.,* 342 F.3d 643, 643 (6th Cir. 2003).

The parties, as well as the Court, are well-acquainted with the facts of this matter. In view of the parties' and the Court's familiarity with the facts, the Court will not repeat those facts herein except as necessary to address Defendants' present Motion.

As noted above, Ms. Perkins has brought RICO claims against Defendants. Specifically, Ms. Perkins alleges Defendants have violated 18 U.S.C. §§ 1962(a), (b), (c), and (d). Each of those subsections of the RICO statute, requires a "pattern of racketeering activity". *Id.*

Racketeering activity consists of acts which are indictable under a number of federal statutes listed in 18 U.S.C. § 1961(1)(B). *Heinrich*, 668 F.3d at 404. As in *Heinrich,* Ms. Perkins alleges as predicate acts of racketeering actiity both mail fraud and wire fraud which are violations of 18 U.S.C. §§ 1341 and 1343 respectively. PageID 665, 666, 667.

"Mail fraud consists of '(1) a scheme to defraud, and (2) use of the mails in furtherance of the scheme.'" *Heinrich,* 668 F.3d at 404, citing *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005). "The elements of wire fraud are essentially the same except that one must use the wires in furtherance of the scheme to defraud." *Heinrich, supra,* citing *United States v. Daniel,* 329 F.3d 480, 486 n.1 (6th Cir. 2003).

Ms. Perkins acknowledges that the failure to identify specific parties, contracts, or fraudulent acts requires dismissal under Rule 9(b). PageID 748. Ms. Perkins attempts to satisfy that burden by simply referencing statutory requirements for mail and wire fraud. However, not once has she pointed to *specific* allegations in her Second Amended Complaint that satisfy Rule 9(b).

A review of Ms. Perkins' Second Amended Complaint reveals that there are no allegations of mail and/or wire fraud that satisfy the specificity requirement Rule 9. For example, in alleging Defendants violated RICO, Ms. Perkins has referenced dates in the form of blocks of

6

time such as "May 1997 through January 2007", "from 1992 through 1997", "from May 12, 1997 through at least December 31[,] 2006",  "between 2002 and 2008", "since 1992 through December 2006", "beginning 1996 through December 2006", and "June 1992 through January 2007."  PageID 663, 669, 670, 671, 674.  Not once, in her RICO allegations, does Ms. Perkins state with particularity a date on which any of the Defendants committed an act of mail or wire fraud.[1]  In addition, Ms. Perkins' Second Amended Complaint fails to satisfy Rule 9(b) because she has failed to allege with any specificity who used the mails or wires when engaging in any of the alleged activity. Ms. Perkins' RICO allegation that "defendants utilized or caused to be utilized, the United States Mail and facilities in interstate commerce on two or more occasions", PageID 667, simply does not satisfy the specificity requirement of Rule 9(b).

To the extent that Ms. Perkins argues that, "if [her] claims are groundless, that conclusion will emerge as discovery proceeds", PageID 747, and therefore the Court should deny Defendants' Motion, presumably to allow her time to engage in discovery, her argument is rejected outright. That argument completely misunderstands, or ignores, the purpose of a motion to dismiss made pursuant to Rule 12(b)(6). See *supra*.  Additionally, the Court rejects Ms. Perkins' similar argument that in her case, the Court should "relax" the requirements of Rule 9(b) so that she can "flush out" her claims.  PageID 746.   In support of that argument, Ms. Perkins has cited  "*Eaby v. Richmond,                    *, 137 (E.D. Pa. 1983)[2]" and *Chambers Development Co. v. Browning-Ferris Industries*, 590 F.Supp. 1528, 1539 (W.D. Pa. 1984)." PageID 746.  First, those cases are both pre-*Twombly* and *Iqbal*.  Second, and more importantly,

---

[1]  The Court notes that in her "Statement of Facts", Ms. Perkins references March 28, 1996, as the date that "Defendants arranged for the sale of LLD, Inc. …" and that "Defendants arranged for the purchase of the real estate held by Louis L. Day …".  PageID 656.  Ms. Perkins also alleges that each of those transactions were effected "through the use of banking transactions in the course of commerce through electronic or wire actions".  *Id.*  Assuming Ms. Perkins' reference to that one date satisfies Rule 9(b)'s specificity requirement, her RICO allegation would fail for failure to specify *who* engaged in these alleged activities.  See *infra.*
[2]  This is the way the purported citation actually appears in Plaintiff's Memorandum.

7

the Pennsylvania cases upon which Ms. Perkins relies are contrary to the Sixth Circuit's recent pronouncement in *Heinrich*.

This Court concludes that Ms. Perkins has failed to sufficiently allege her RICO claims as required by Fed.R.Civ.P. 12(b)(6) as interpreted by *Twombly* and *Iqbal,* or as required by Fed.R.Civ.P. 9(b) as interpreted by *Heinrich.* Defendants' Motion to Dismiss Ms. Perkins' RICO claims should be granted and those claims should be dismissed with prejudice.

As noted above, federal jurisdiction in this case is based on Ms. Perkins' RICO claims and she has invoked the Court's supplemental jurisdiction over her state law claims. The question becomes, then, whether this Court should exercise its supplemental jurisdiction over Ms. Perkins' state law claims. The Court may raise this issue *sua sponte*. See *Devlin v. Kalm,* 594 F.3d 893, 894 n.3 (6th Cir. 2010).

"A district court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a); however, the court may decline to do so if, for example, it 'has dismissed all claims over which it has original jurisdiction….' 28 U.S.C. §1367(c)(3)." *Wee Care Child Center, Inc. v. Lumpkin*, ___F.3d ___, 2012 WL 1448317 at*6 (6th Cir. Apr. 27, 2012). "In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to parties, fairness, and comity to state court." *Packard v. Farmers Insurance Company of Columbus, Inc.,* 423 Fed. Appx. 580, 584 (6th Cir. 2011), citing *City of Chicago v. Int'l College Of Surgeons,* 522 U.S. 156, 172-73 (1997); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988); *Gamel v. City of Cincinnati,* 625 F.3d 949, 951 (6th Cir. 2010). This includes the interest in not "needlessly deciding state law issues." *Packard, supra,* citing *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 211 (6th Cir. 2004). Generally, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will

point to dismissing the state law claims, or remanding them to state court if the action was removed." *Packard,* 423 Fed.Appx. at 585, citing *Musson Theatrical v. Fed. Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966)("Certainly, if the federal claims are dismissed before trial … the state claims should be dismissed as well."): *Perry v. Se. Boll Weevil Eradication Found.,* 154 Fed.Appx. 467, 478 (6th Cir. 2005)(noting that dismissal is the "clear rule of this circuit").  A district court's decision declining to exercise supplemental jurisdiction to hear a plaintiff's state law claims is reviewed under the abuse of discretion standard.  *Packard,* 423 Fed.Appx. at 584, citing *Gamel*, 625 F.2d at 951.

With these principles in mind, and for the following reasons, this Court concludes that the Court should decline to exercise its supplemental jurisdiction over Ms. Perkins' state law claims.

Although this matter has been pending on the docket of this Court since September 6, 2007, much of the time, specifically from May 12, 2009, through August 30, 2011, the case was essentially held in abeyance for the purpose of awaiting state court decisions in parallel litigation.  See Doc. 14 through 21.  In addition, aside from an attempt to mediate the matter, this case has not proceeded past the point of Ms. Perkins filing Amended Complaints and the parties briefing of Defendants' Motion to Dismiss.  Further, this Court has not issued any dispositive rulings, the litigation costs in state court are lower than in federal court, and any discovery the parties have undertaken in this case could be made available in state court. See *Packard*, 423 Fed.Appx. at 585. More importantly, however, this Court concludes that comity to the Ohio state courts is a substantial interest which counsel in favor of declining to exercise supplemental jurisdiction in this case.  The primary subject matter involves the wills and revocable living trusts of Louis L. Day and Ruth M. Day, real estate leases, and a real estate sale which are all areas of

9

specialized state law. Most importantly, however, matters involving these wills, trusts, leases, and sales have been litigated in the past by these parties in the state courts including up through the state court of appeals.  See, *e.g., Reiser v. Reiser,* Case No.  CA23853 (Montgomery Cnty. Ct. App. Dec. 17, 2010).  In other words, the state courts are intimately familiar with the parties, the underlying instruments, and the claims in this matter.  For these same reasons, judicial economy weighs in favor of the Court declining to exercise its supplemental jurisdiction.

There is one final issue which this Court will address.

When Defendants filed their Answer to Ms. Perkins' original Complaint, they included in that pleading, "Eleventh Defense and Notice of Counterclaim".  PageID 171.  In doing so, Defendants purportedly "reserve[d] the right to file an Amended Answer and Counterclaim". *Id.* This Court does not view Defendants "Notice of Counterclaim" as making any claims against Ms. Perkins and therefore there are no claims to consider with respect to declining to exercise supplemental jurisdiction.

It is therefore recommended that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6), (Doc. 52), be granted with respect to Plaintiff's RICO claims and that those claims be dismissed with prejudice.  It is also recommended that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims and that those claims be dismissed without prejudice.

June 26, 2012.

                                            s/ *Michael R. Merz*
                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

J://Reiser_Dism.docx